[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION RE: DENIAL OF MOTION TO DISMISS
J.J. Gluck and Benson Zimbarg ("the plaintiffs'), acting pro se, have taken the present appeal from certain action taken by the Zoning Board of Appeals. Defendants moved to dismiss the appeal on the grounds that the plaintiffs are not aggrieved pursuant to General Statutes 8-8(a)(1) and therefore lack standing to appeal. The appeal itself states that "(T)he plaintiff (sic) is aggrieved by the decision of the Board or owns land within 100 feet of the land involved in the decision." The appeal also states that the "plaintiff (sic) is aggrieved by the decision of the Board because it is arbitrary and capricious, specifically, the Board failed to adequately evaluate the impact of the microwave transmitter dishes on the quality of life, health, and neighborhood property values."
The Motion to Dismiss admits all facts that are well pleaded and the court decides the issues on the basis of the existing record or, if the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issues. Barde v. Board of Trustees, 207 Conn. 58, 62 (1988). In the present case, the defendants did not file any affidavit and accordingly, the court must decide the Motion to Dismiss on the existing record before the court.
While it is true that the appeal itself states that the "plaintiff is aggrieved" rather then the "plaintiffs are aggrieved," the fact remains that the appeal does allege aggrievement and states" or own; land within 100 feet of the land involved in the decision" which would constitute statutory aggrievement pursuant to the provisions of General Statutes 8-8(a)(1). The statements made on behalf of the plaintiffs are also sufficient to permit evidence to be introduced as to the specific personal and legal interest that has been specially and injuriously affected as required applicable law.
The ruling on the Motion to Dismiss, of course, does not conclude that aggrievement exists but only concludes that the record is sufficient to allow the plaintiffs to have their day in court on that issue.
RUSH, J.